AtkiNsoN, J.,
delivered the opinion of the court:
The claimant files a motion herein for a new trial on the grounds, first, that the findings and judgment of the court are contrary to law; second, that the findings and judgment of the court are contrary to the evidence, and, third, that the court erred in not finding the trade meaning of the words “ measured in place.” And it also asks the court to modify the findings, showing the custom or trade meaning of the words “ measured in place.”
In respect of the motion for a new trial, as well as to amend the findings, the same is overruled.
*499 The claimant’s request for the court to find the custom or trade meaning of the term “ measured in place,” as used in paragraph 43 of the specifications attached to the contract, was denied by the court in the original findings for the reasons stated in the opinion. The court did not enter into the consideration of the expert evidence offered for and against the custom or trade meaning of the term “ measured in place,” because the specifications are unambiguous and exclude any other method of measurement for the payment for the material dredged than that provided for in the contract; and for the further reason that paragraph 44 of said specifications provides, in express terms, that “work done outside of the designated lines of excavation, or below the specified depth, will not be paid for.”
The custom or trade meaning existing at the time of and respecting Avork to be done under a contract is never regarded as entering into the contract Avhere the Avorcls of the contract provide for the method or manner of doing the Avork Avhich AAmuld otherAvise be done in accordance with the custom or trade meaning of a term so used.
In the present case, regarding the specifications, as Avas said in the original opinion, they “ are plain and unambiguous, and that they not only furnish the basis of measurement in place of the material to be excavated, but that the measurements made by the engineer in charge Avere in strict accord therewith. This being so, any other method of measurement in place, even though customary, is excluded by the terms of the contract, and therefore expert testimony is not admissible to explain language that needs no explanation.” For the reasons there given, the court declined to consider the expert testimony as it does iioav on this motion. (Am. and Eng. Ency. of Law, vol. 21, 1110, and cases cited; Parsons on Contracts, 9th ed., 648, 710, 716; 31 Fed. R., 254, 256; 4 Dillon, 448-459; 196 U. S. R., 157-166; Am. and Eng. Ency. of Law, vol. 17, 11.)
In respect of the argument of plaintiff’s counsel relating to the decision of the Government engineer in charge of the Avork of construction, concerning any controA^ersies which *500 might arise out of the contract in the case before us, we have nothing further to add than was expressed thereon in the former opinion of the court and as set out in Finding V therein.
Adhering to our former decision, the motion of plaintiff, as aforesaid, is therefore overruled.